**Ernest Warren, Jr.**
838 SW First Ave. Ste. 500
Portland, Oregon 97204
Ph.: (503)-228-6655
Fax: (503)-228-7019
e.warren@warrenpdxlaw.com

## UNITED STATES DISTRICT COURT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            PLAINTIFF,<br><br>vs.<br><br>ERIC LEE FLORES,<br>            DEFENDANT. | CASE NO.: 3:16-CR-00051-025-BR<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Sentencing: June 26, 2017 at 11:00 a.m. |

The defendant, Eric Lee Flores, by and through his attorney, Ernest Warren, Jr., hereby submits this sentencing memorandum.

I.   SENTENCING RECOMMENDATION

Pursuant to paragraph 8 of the Plea Agreement Letter, and so long as defendant continues to demonstrate an acceptance of responsibility and qualifies for a downward variance under 18 U.S.C. §3553(a), the government agrees to recommend a sentence at the low end of Offense Level 10. If defendant is in Zone B, the government agrees to recommend that such a low-end sentence may be served by home detention. Defendant may recommend any sentence he deems appropriate. To avoid disparities among the least culpable codefendants, we believe Mr. Flores is one of the least culpable individual's in this case, on behalf of the defendant we request one (1) year of probation.

II.    SUMMARY OF PROCEEDINGS

On or about June 9, 2016, Eric Lee Flores pled guilty to Count 1 of a six-count Superseding Indictment charging him and others with Conspiracy to impede or injure officer in violation of 18 U.S.C. §372. The remaining counts do not apply to him.

III.    PRESENTENCE REPORT (PSR) AND GUIDELINE CALCULATIONS

Mr. Flores acquiesces to the PSR writer's rendition of his "Conduct" in this case, as well as his Advisory Guideline calculations, and the salient fact that Mr. Flores criminal history score is zero. To summarize, we agree that pursuant to U.S.S.G. §2X1.1(a), that impeding officers of the United States is the substantial offense for guidelines purposes, and is reflected in U.S.S.G. §2A2.4. Pursuant to U.S.S.G. §2A2.4(a) the base offense level is 10. Additionally, pursuant to U.S.S.G. §2A2.4(b)(1)(B) a three level increase to the base offense level occurs if a dangerous weapon is possessed and its use was threatened. Accordingly, the adjusted offense level is 13. Furthermore, pursuant to U.S.S.G. §3E1.1(a) Mr. Flores is entitled to a two level decrease for "Acceptance of Responsibility," resulting in an "Advisory" total offense level of 11.

With regard to Mr. Flores criminal history, his total criminal history score is zero. That puts him in a criminal history category I.

IV.    EARLY DISPOSITION OF A COMPLEX CASE

Pursuant to paragraph 7 of the Plea Agreement Letter between the parties, pursuant to 18 U.S.C. §3553(a) the parties agree to a three level downward variance for early disposition of this complex case. This would result in a downward variance under the Advisory Guidelines to offense Level 8.

V.    SENTENCING CONSIDERATIONS

    a. Generally.

Warren & Sugarman
838 SW 1st Ave. Ste. 500
Portland, Oregon 97204
Ph.: (503)-228-6655 Fax: (503)-228-7019

District courts must consult the Advisory Guidelines, but are not bound by them. *United States v. Booker*, 543 U.S. 220 (2005). The Advisory Guidelines remain influential in an effort to ensure national consistency. *Gall v. United States,* 552 U.S. 38 (2007).

More importantly, the Court must consider 18 U.S.C. §3553(a) factors and decide what sentence is appropriate under the circumstances. *United States v. Carty,* 280 F. 3d 984, 991 (9th Cir. 2008). The Court must make an individualized determination based on the facts, may not presume the Advisory Guidelines range is reasonable, and shall not give Advisory Guideline factors more or less weigh than other §3553(a) factors. *Id.* If the Court decides a sentence other than one suggested by the Advisory Guidelines is warranted, then the Court must state a compelling justification to support the variance. *Id.*

Pursuant to 18 U.S.C. §3553(a) the factors the Court must consider are the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to provide just punishment for the offense; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to protect the public from further crimes of the defendant; and the need to provide the defendant with needed training, care, or treatment.

In this case, Mr. Flores attended a few of the events in and around the Malheur National Wildlife Reserve, including, unwittingly, guard duty in the fire tower that he posted on Facebook. Like the "Occupy Movement" in Portland, Oregon and elsewhere, he thought he was engaged in a peaceful protest as may be allowed by the First Amendment to our United States Constitution. Unfortunately, Mr. Flores conduct and subsequent arrest in this case compelled him

**Warren & Sugarman**
**838 SW 1st Ave. Ste. 500**
**Portland, Oregon 97204**
**Ph.: (503)-228-6655 Fax: (503)-228-7019**

to opt for an early resolution for his complicity in this case. He had an early and overwhelming desire to accept responsibility for conduct in this case, and to avoid further litigation.

Mr. Flores has no prior criminal history. In fact, he strongly desires to be law abiding. He currently volunteers as an emergency medical technician for the Tulalip Tribe, and he is a member of the Tulalip Tribe. He has been on pretrial release without any issues. Also, Mr. Flores stays both employed and has received several educational achievements post arrest.

    b.  The Need to Avoid Disparities.

In *United States v. Baker*, 543 U.S. 220, 250 (2005), the Supreme Court stated:

> …Congress' basic statutory goal-- a system that diminishes sentencing disparity--depends for its success upon judicial efforts to determine, and to base punishment upon, the real conduct that underlies the crime of conviction.

In *United States v. Tzoc-Sierra,* 387 F. 3d 978, 981 (9th Cir. 2004), the Ninth Circuit stated:

> [A] downward departure to equalize sentencing disparity is a proper ground for departure under appropriate circumstances…

In this case, Mr. Flores is on the least culpable persons involved in this case. Unlike others who held out and received better plea offers, he desired to accept responsibility and avoid prolonged litigation. In the PSR, some codefendants received one (1) year of probation. Accordingly, Mr. Flores prays for one (1) year of probation too.

    c.  Sentencing Options.

We agree with paragraphs 87-91, especially for the proposition that this Court may impose a sentence of probation.

Page 4

Warren & Sugarman
838 SW 1st Ave. Ste. 500
Portland, Oregon 97204
Ph.: (503)-228-6655 Fax: (503)-228-7019

VI.   CONCLUSION

We request the Court consider the request of the defendant stated above and order any other leniency the Court may consider just and proper in this matter.

RESPECTFULLY SUBMITTED this 1 day of June, 2017.

_____
Ernest Warren, Jr.
Attorney at Law

## CERTIFICATE OF SERVICE

I hereby certify that I have served a certified true copy of the **DEFENDANT'S SENTENCING MEMORANDUM** in the attached matter upon the parties listed below by notice of electronic filing using the CM/ECF System as follows:

**Ethan D. Knight**
**Craig J. Gabriel**
**Geoffrey A. Barrow**
U.S. Attorney's Office
District of Oregon
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
503-727-1118
Fax: 503-727-1117

and filed the original with the Court on the date listed below.

DATED this ___ day of June, 2017.

**WARREN & SUGARMAN**

/s/Ernest Warren, Jr.
**Ernest Warren, Jr. OSB No. 891384**
Attorney for Defendant