BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:16-CR-00051-BR-25** |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ERIC LEE FLORES,** | |
| | **Sentencing Date: June 26, 2017** |
| **Defendant.** | **11:00 a.m.** |

The United States of America, by Billy J. Williams, United States Attorney for the

District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel,

Assistant United States Attorneys, submits this memorandum for defendant Eric Lee Flores'

sentencing, which is currently set for Monday, June 26, 2017, at 11:00 a.m.

I.       **Summary of the Government's Position**

The government is recommending a sentence of 2 years of probation, with a special

condition, among others, that defendant be confined to home detention for a period of 5 months.

II.      **Factual Background**

On June 9, 2016, defendant Flores pleaded guilty under Rule 11(c)(1)(B) to Count 1 of

the Superseding Indictment, charging Conspiracy to Impede Federal Officers by Force, Threat,

or Intimidation under 18 U.S.C. § 372.

After extensive pretrial litigation and two jury trials, the Court is well aware of the facts

surrounding the occupation of the Malheur National Wildlife Refuge ("MNWR") from January 2

through February 11, 2016.    That background is also set forth in paragraphs 18–39 of the

Presentence Investigation Report ("PSR").

With respect to Mr. Flores' specific Offense Conduct, paragraphs 35–37 of the PSR are

instructive:

> 35.   During various times in January 2016, Flores occupied MNWR.    On
> January 11, 2016, Flores posted on his Facebook account a photograph of him and
> Darryl William Thorn in a guard tower located on MNWR.
>
> 36.   On or about February 11, 2016, Flores was arrested by law enforcement
> officers.   Photographs retrieved from a consent search of Flores['] phone show
> that members of the conspiracy, including Flores, openly carried firearms while
> performing guard duty at blocked entrances to the refuge.    Various witness
> statements also identified Flores as someone who frequently performed armed
> guard duty.
>
> 37.   Flores admitted in a [M]irandized statement to FBI agents that he brought
> up to seven firearms with him when he traveled to the MNWR, including two rifles
> and hand guns.   Flores stated that he handed out many of these firearms to other
> occupiers while he was at the refuge.   Flores further admitted that he spent a lot
> of time in the guard tower performing guard duty while armed.

**III.    Advisory Sentencing Guidelines Calculation**

The government recommends that the Court adopt the following guideline calculation:

- **Base Offense Level is 10** under U.S.S.G. § 2X1.1(a) and U.S.S.G. § 2A2.4(a).

- Because a dangerous weapon (including a firearm) was possessed and its use was threatened, a **3-level upward adjustment** applies under U.S.S.G. § 2A2.4(b)(1)(B) and U.S.S.G. § 1B1.3(a)(1)(B).

- For defendant's acceptance of responsibility, a **2-level downward adjustment** applies under U.S.S.G. § 3E1.1.

- Because the offense was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct, a **3-level upward departure** applies under Application Note 4 to U.S.S.G. § 3A1.4.

- For defendant's early disposition of this complex case, a **4-level downward variance** applies under 18 U.S.C. § 3553(a).

Defendant Flores therefore has a Total Offense Level of 10.   This same Total Offense Level of 10 was previously agreed upon by the parties, but the method of calculation above is slightly different from the Plea Agreement.   *See* PSR, at Note 1.

Defendant has no prior criminal history.   In Criminal History Category I, Offense Level 10 yields an advisory guideline range of 6–12 months in Zone B.

**IV.    Government's Recommendation**

Pursuant to the Plea Agreement, the government is recommending a sentence at the low end of Offense Level 10.   In particular, the government is recommending a sentence of 2 years of probation, with the standard conditions for the District of Oregon and the special conditions listed in the Presentence Investigation Report.   The government agrees with the U.S. Probation Office that a term of home detention should be imposed on defendant as a special condition of probation.   The government further agrees that defendant should receive credit for the month

**Government's Sentencing Memorandum**                                                                 **Page 3**

that he spent in pretrial custody, so a term of 5 months of home detention (rather than 6 months) is appropriate.

While the government supports all of the recommended special conditions listed in the PSR, it is especially important to the victims in this case that the defendant be subject to the following conditions:

- "You must not occupy, reside on, or camp in any federal land without the prior approval of the probation officer" (Proposed Special Condition No. 8); and

- "You must not enter onto any federal lands managed by the U.S. Bureau of Land Management, the U.S. Fish and Wildlife Service, the National Park Service, or the U.S. Forest Service without prior approval of the probation officer" (Proposed Special Condition No. 9).

## V.      Restitution

The Court has set a schedule for restitution determinations in this case.   That schedule will extend beyond 90 days of defendant's sentencing hearing.   *See* ECF No. 2119; *see also* 18 U.S.C. § 3664(d)(5).   The government therefore requests that at defendant Flores' sentencing hearing, the Court state on the record that some restitution is applicable, but leave the amount open for more than 90 days.   *See Dolan v. United States*, 560 U.S. 605 (2010).

/ / /

/ / /

/ / /

/ / /

/ / /

**Government's Sentencing Memorandum**                                                    **Page 4**

## VI.    Conclusion

For the reasons stated above, and pursuant to the plea agreement, the government respectfully recommends a sentence of 2 years of probation, with a special condition of 5 months of home detention.

Dated this 21st day of June 2017.

<div style="margin-left: 50%">

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney


*s/ Craig J. Gabriel*
ETHAN D. KNIGHT, OSB #992984
GEOFFREY A. BARROW
CRAIG J. GABRIEL, OSB #012571
Assistant United States Attorneys

</div>

**Government's Sentencing Memorandum**                                     **Page 5**